UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:14CV-P689-DJH

JASPER POLLINI                                                                                          PETITIONER

v.

DON BOTTOMS, WARDEN                                                                       RESPONDENT

## MEMORANDUM AND ORDER

Petitioner Jasper Pollini, by counsel, filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. This matter is before the Court on Petitioner's motion to stay the habeas action pending the outcome of his petition for writ of certiorari filed in the Supreme Court, or, alternatively, for an extension of time to file an amended petition for writ of habeas corpus (DN 4). The Court directed Respondent to file a response to the motion.[1] Respondent filed a response, Petitioner filed a reply, and the motion is now ripe for review.

Petitioner was convicted by a jury of murder, burglary, and receiving stolen property and sentenced to life in prison without the possibility of parole for 25 years on the murder conviction. On direct appeal, the Kentucky Supreme Court affirmed Petitioner's convictions but vacated his murder sentence. *Pollini v. Commonwealth*, 172 S.W.3d 418 (Ky. 2005). On remand, he was sentenced to life imprisonment. Petitioner then filed a collateral attack on his conviction in state court under RCr 11.42. After the trial court denied the motion, the Kentucky Court of Appeals reversed and ordered a new trial. However, the Kentucky Supreme Court reversed the Court of Appeals' decision and reinstated Petitioner's conviction and sentence. *Commonwealth v. Pollini*, 437 S.W.3d 144 (Ky. 2014). The Kentucky Supreme Court denied Petitioner's petition for

---

[1] This case was originally assigned to Senior Judge Charles R. Simpson. It was reassigned to the undersigned on December 11, 2014 (DN 14).

rehearing on August 21, 2014.  Petitioner reports that he filed a timely petition for writ of certiorari in the United States Supreme Court on November 18, 2014.

Petitioner now moves to stay the habeas action pending the outcome of his petition for writ of certiorari.  Petitioner's counsel states that he needs additional time to review Petitioner's claims, to prepare a memorandum of law in support of the habeas petition, and to possibly file an amended petition.  He states a variety of reasons for needing additional time, including the recent death of his father in December 2014 and his responsibility, as the Post-Trial Division Director for the Kentucky Department of Public Advocacy, to supervise the move of his division's office, to file substantive filings in other cases assigned to him, and to supervise 60 employees.  The Court finds these reasons compelling.

Respondent filed a response in opposition to the motion, arguing that it is unlikely that the Supreme Court will grant Petitioner's petition for writ of certiorari and that staying the action is therefore futile.

Upon review of the motion to stay and briefing, the Court finds no prejudice to Respondent in staying the action.  Moreover, while it may be unlikely that the Supreme Court will grant a writ of certiorari, any work undertaken by the parties or the Court in the instant action would be duplicative of any action before the Supreme Court should the Supreme Court grant certiorari.  This Court has authority to stay the instant habeas action under *Lawrence v. Florida*, 549 U.S. 327, 335 (2007) (finding that a district court "can stay the habeas application until [the Supreme] Court resolves the case or, more likely, denies the petition").  Accordingly,

**IT IS ORDERED** that the motion to stay (DN 4) is **GRANTED**.  Petitioner shall file a motion to lift the stay within **30 days** of the Supreme Court's denial of his petition for writ of certiorari or, should the Supreme Court grant certiorari, within **30 days** of the Supreme Court's

resolution of the appeal. **IT IS FURTHER ORDERED that any memorandum of law in support of Petitioner's motion and/or amended petition which Petitioner intends to file must accompany the motion to lift the stay**.

As noted by Petitioner in his habeas petition, he filed a previous *pro se* petition while the state-court post-conviction action was still pending. *See Pollini v. White*, 3:10CV-207-H. The Magistrate Judge recommended dismissal of the action as a "mixed" petition with both exhausted and unexhausted claims and found that Petitioner had 56 days remaining in which to file a habeas action concerning the claims that he had previously exhausted. The District Court agreed and dismissed the action without prejudice. By granting Petitioner's motion to stay in the instant action, the Court does not make a determination as to any statute-of-limitations arguments which may be raised by Respondent in response to the petition or any amendment.

Date:

cc: Counsel of record
4415.010