UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JASPER POLLINI,                                                                                      Petitioner,

v.                                          Civil Action No. 3:14-cv-689-DJH-RSE

KATHY LITTERAL,                                                       Respondent.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1) In accordance with 28 U.S.C. § 636(b)(1)(B), the Court referred the matter to United States Magistrate Judge Dave Whalin for initial review and recommended disposition. (D.N. 25) In his Findings of Fact, Conclusions of Law and Recommendation (D.N. 39), Judge Whalin recommended that Pollini's petition be granted on the first asserted ground for relief; Judge Whalin did not evaluate Pollini's other claims. (*Id.*, PageID # 57) For the reasons discussed below, the Court declines to adopt the magistrate judge's recommendation and is not persuaded by Pollini's remaining arguments. The Court will therefore deny Pollini's petition.

**I.     BACKGROUND**

In 2002, Dan Ziegler awoke to find Jasper Pollini burglarizing his garage. *Commonwealth v. Pollini*, 172 S.W.3d 418, 421 (Ky. 2005). After chasing Pollini from his property, Ziegler notified his neighbor, Byron Pruitt, who armed himself and began searching the area. *Id*. Meanwhile, Pollini realized that he forgot his toolbox at Ziegler's home and persuaded his sister, Crystal Plank, to drive him back to the scene. *Id*. Upon their arrival, Plank and Pollini saw a flashlight coming toward their vehicle, prompting Pollini to fire his gun out the window. *Id*. The bullet pierced Pruitt's throat, and he died shortly thereafter. *Id.* at 422.

1

# A.

Following trial in 2003, a Jefferson Circuit Court jury convicted Pollini of murder, burglary in the first degree, burglary in the second degree, and receiving stolen property (D.N. 20, PageID # 121). The trial judge sentenced Pollini to life without the possibility of parole for 25 years. (D.N. 39, PageID # 1559) Thereafter, the case proceeded down a lengthy path of appeals.

On direct appeal in 2005, the Kentucky Supreme Court upheld Pollini's conviction but vacated the case for a new sentencing hearing; the Jefferson Circuit Court subsequently reduced his sentence to life. The court found that Pollini was not eligible for aggravated sentencing because he did not shoot Pruitt during or in immediate flight from the burglary. (*Id.*) After resentencing in 2006, Pollini appealed, but the Kentucky Supreme Court dismissed the appeal finding that the trial court did not abuse its discretion in admitting videotape testimony of Ziegler's mother and that the prosecutor's closing argument was not improper. (D.N. 20, PageID # 124) *Pollini v. Commonwealth*, No. 2006-SC-000835-MR, 2008 WL 203035 (Ky. Jan. 24, 2008). Next, Pollini filed a post-conviction action in state court, which the trial court and the Kentucky Court of Appeals dismissed. (*Id.*)

In 2011, the Kentucky Supreme Court remanded the case to the Kentucky Court of Appeals in light of its ruling in *Hollon v. Commonwealth*, 334 S.W.3d 431, 436 (Ky. 2010), where the court agreed to recognize ineffective-assistance-of-counsel claims based on alleged deficiencies during direct appeal. On remand, the Kentucky Court of Appeals vacated Pollini's conviction based on the trial judge's violation of Kentucky Rule of Criminal Procedure 9.74, which prohibits a judge from responding to jury requests for information outside the presence of counsel. *Pollini v. Commonwealth*, No. 2009-CA-000964-MR, 2011 WL 6412052 (Ky. Ct. App. 2011). The Kentucky Supreme Court then reversed, finding the Rule 9.74 violation harmless error.

*Commonwealth v. Pollini*, 437 S.W.3d 144, 153 (Ky. 2014). Accordingly, in 2014, the Kentucky Supreme Court reinstated Pollini's conviction and sentence. *Id.*

**B.**

In his habeas petition, Pollini asserts six grounds for relief. (D.N. 20, PageID # 112-14) The magistrate judge recommended that Pollini be given a new direct appeal relating to Ground One of his petition and did not offer a recommendation with respect to any of the other five grounds. (D.N. 44, PageID # 1612) The warden objected to the magistrate judge's recommendation. (D.N. 40) This opinion will therefore address all six grounds of Pollini's petition.

## II. STANDARD

The Court reviews de novo the portions of the magistrate judge's report to which objection is made. 28 U.S.C. § 636(b)(1). Under the Antiterrorism and Effective Death Penalty Act of 1996,

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The "contrary to" clause applies "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). An "unreasonable application" occurs where "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. If the state

court's decision conflicts with clear and convincing evidence to the contrary, there has been an "unreasonable determination of the facts." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). Under this clause, the petitioner must show that the state court "applied [a Supreme Court case] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). There must be no possibility that fair-minded jurists could disagree that the state court's decision conflicts with Supreme Court precedent. *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

## III. DISCUSSION

### A. Ground One

In Ground One of his amended petition, Pollini argues that the Kentucky Supreme Court unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), when reviewing his appellate counsel's failure to brief a Kentucky Rule of Criminal Procedure 9.74 violation because the court looked to current governing law, rather than the law that governed at the time of the alleged deficiency. (D.N. 20, PageID # 158) Had his appellate counsel raised the Rule 9.74 issue on appeal, Pollini contends, a structural-error standard would have applied, and his conviction would have been automatically reversed. (*Id.*) But as explained below, this Court agrees with the Kentucky Supreme Court's analysis.

To succeed on a claim of ineffective assistance of counsel under *Strickland*, a petitioner must establish that his counsel's conduct was deficient in light of professional norms and that the deficient performance prejudiced his defense. 466 U.S. at 686, 694. To satisfy the prejudice requirement, the petitioner must show with reasonable probability that but for his counsel's errors, the result would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine the court's confidence in the outcome of the proceedings. *Id.*

4

In determining whether prejudice has occurred, the reviewing court should apply current governing law rather than the law in place at the time of the alleged deficiency. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). As the Sixth Circuit has explained, counsel's failure to make an objection that would be meritless under current governing law cannot support an ineffective-assistance-of-counsel claim, even if the objection would have been meritorious if raised at the time of the deficiency. *Berry v. Capello*, 576 F. App'x 579, 589 (6th Cir. 2014); *see also Abby v. Howe*, 742 F.3d 221, 228 (6th Cir. 2014). In *Berry*, the defendant argued that his conviction for both felony murder and the underlying offense violated the Double Jeopardy Clause, as held by the Michigan Supreme Court in *People v. Wilder*, 411 Mich. 328 (Mich. 1981). *See id.* While Berry's appeal was pending, however, the Michigan Supreme Court overruled *Wilder*. *Id.* The Sixth Circuit held that because Berry could not assert a double jeopardy claim under then-current Michigan law, it could not consider his attorney's failure to object in determining Berry's ineffective-assistance-of-counsel claim. *Id.*

Likewise, in *Abby*, the defendant's attorney did not object to the government's use of Abby's pre-arrest silence as evidence of guilt, in violation of *Combs v. Coyle*, 205 F.3d 269 (6th Cir. 2000). *See Abby*, 742 F.3d at 228. Before the Sixth Circuit heard Abby's appeal, though, the Supreme Court overruled *Combs* and held that prosecutors could use pre-arrest silence as evidence of guilt. *Id.* Accordingly, the Sixth Circuit held that it could not consider counsel's failure to object because it would be futile under then-current law. *Id.*

Here, the alleged deficiency is appellate counsel's failure to brief the trial judge's violation of Rule 9.74 which prohibits contact between the jury and judge after deliberations have begun, other than in the presence of counsel and parties. (D.N. 39, PageID # 1560) While deliberating, the jury sent a note to the trial judge asking if a transcript of Plank's testimony was available

5

because they were having trouble locating her statement on the provided tape. *Commonwealth v. Pollini*, 437 S.W.3d at 159. Because the transcript was previously ruled inadmissible, the judge unilaterally replied in writing that no transcript was available. *Id.* It is undisputed that this exchange violated Rule 9.74. *Id.*

The parties disagree, however, as to whether the failure to raise this violation on appeal prejudiced Pollini. The Kentucky Supreme Court commenced its analysis by evaluating whether appellate counsel's failure to brief the Rule 9.74 violation prejudiced Pollini because, under *Strickland*, if it is "easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Pollini*, 437 S.W.3d at 149 (citing *Strickland*, 466 U.S. at 697). Although it was obvious to the court that the trial judge violated Rule 9.74, that alone was insufficient to show prejudice. *Id.* at 151. The Kentucky Supreme Court explained that the "harmless error analysis is [the] current standard of review for a trial judge's violation of [Rule] 9.74." *Id.* A Rule 9.74 violation is harmless if the contact "does not impugn the fundamental fairness of an otherwise constitutionally acceptable trial." *Id.* (citing *McAtee v. Commonwealth*, 413 S.W.3d 608, 626 (Ky. 2013)). If the error was in fact harmful, there would have been a reasonable probability of Pollini's success on appeal and, accordingly, the *Strickland* prejudice test would be satisfied. *Id.*

The Kentucky Supreme Court concluded, however, that informing the jury that there was no transcript was harmless because the trial judge previously ruled the transcript inadmissible. *Id.* at 151-52. Additionally, Pollini's counsel objected to admission of the transcript throughout the trial. *Id.* Thus, Pollini and his counsel's absence from the exchange was also harmless—had they been present, their only options would have been to "agree to enter the transcript into evidence and have it read in open court or to have the jury come back into open court and listen to selected

6

portions of Plank's taped witness statement [even though the trial] had closed [and] the jury was in its deliberations." *Id.* at 152. The Kentucky Supreme Court concluded that Pollini was not prejudiced by his counsel's conduct and thus was not entitled to relief because Pollini did not demonstrate how the contact between the trial judge and jury "impugned the fundamental fairness" of the trial. *Id.*

This Court likewise finds that Pollini is not entitled to relief because the Kentucky Supreme Court did not unreasonably apply *Strickland*. The Kentucky Supreme Court identified the correct standard for ineffective-assistance-of-counsel claims and applied it to Pollini's case based on the law in effect at the time of review.[1] *Id.* at 149-52; *see also Strickland*, 466 U.S. at 694; *Lockhart*, 506 U.S. at 372. Although Pollini maintains that his conviction would have been reversed if his counsel had objected at the time of his direct appeal, ineffective-assistance-of-counsel claims that are meritless under current law are not sufficient to show prejudice under *Strickland*, as discussed above. *Berry*, 576 F. App'x at 589. Therefore, Pollini has not shown how the Kentucky Supreme Court's application of *Strickland* is unreasonable.

The magistrate judge also recommended that the Court grant Pollini relief on the ground that the Kentucky Supreme Court's decision was an objectively unreasonable determination of the facts in light of the evidence presented at Pollini's trial. (D.N. 39, PageID # 1613) *See* 28 U.S.C. § 2254(d)(2). Specifically, the report finds that the state court's conclusion regarding prejudice rests on erroneous findings that 1) the tape contained Plank's statement and 2) the tape was operable. (D.N. 39, PageID # 1613) After careful review of the record, the Court concludes that

---

[1] Notably, Kentucky courts used the harmless-error standard to review Kentucky Rule of Criminal Procedure 9.74 violations at the time of Pollini's direct appeal as well. *See*, *e.g.*, *Garland v. Commonwealth*, 127 S.W.3d 529, 538 (Ky. 2003); *Johnson v. Commonwealth*, 12 S.W.3d 258, 266 (Ky. 1999); *Scalf v. Commonwealth*, No. 2003-CA-001275-MR, 2004 WL 539533, at *2 (Ky. Ct. App. 2004).

7

the magistrate judge's recommendation is incorrect because the Kentucky Supreme Court's findings were objectively reasonable.

First, the jury's note to the trial judge stated that Plank's statement was "[d]ifficult to locate on the tape," which implies that the tape was operable—there otherwise would not have been "difficult[y]" locating the statement within the tape. *Pollini*, 437 S.W.3d at 147. Second, the record reflects that Plank's statement was played on tape in open court; this means that a tape containing Plank's statement existed and that the jury was familiar with its contents. (D.N. 44, PageID # 1640) It is not objectively unreasonable, then, to conclude that the jury would likely have known if it had the wrong tape, and that, from the context of the note, the jury thought it had the right tape. *See Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007).

In sum, the Kentucky Supreme Court's conclusions that the jury had an operable tape containing Plank's statement and, consequently, that the Rule 9.74 violation was harmless, are not objectively unreasonable. As there is no "clear and convincing" evidence to the contrary, the Court finds that the state court's determination of the facts was reasonable. *See Wiggins*, 539 U.S. at 528-29. Likewise, and as stated above, the state court did not inappropriately apply *Strickland* to Pollini's claim. Accordingly, Ground One of Pollini's amended petition will be denied.

**B. Grounds Two and Three**

Pollini next contends that his Sixth and Fourteenth Amendment rights were violated because the jury was laboring under the theory that he was still in immediate flight from the robbery when he shot Pruitt (D.N. 20, PageID # 171) and that his appellate counsel was ineffective under *Strickland* for failing to argue that Pollini's conviction, rather than his sentence, should be overturned. (*Id.*, PageID # 176) However, as Pollini concedes, both claims are procedurally defaulted because he did not raise them before the state court. (D.N. 20, PageID # 170-171, 176)

*Coleman v. Thompson*, 501 U.S. 722, 748 (1991). Nevertheless, Pollini argues that the Court should review his claims because there was no process available to review them in state court. (D.N. 20, PageID # 171, 176)

A procedurally defaulted claim only warrants review where the petitioner shows cause and actual prejudice. *Reed v. Farley*, 512 U.S. 339, 353-55 (1994). To establish cause, a petitioner must point to an external obstacle that prevented him from presenting the claim in state court. *Coleman*, 501 U.S. at 753. Cause will not be found, though, where a petitioner did not present a claim before the state court simply because he believed doing so would be futile. *Engle v. Isaac*, 456 U.S. 107, 130 (1982); *see also Cvijetniovic v. Eberlin*, 617 F.3d 833, 839 (6th Cir. 2010). Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid. *Engle*, 456 U.S. at 130.

Here, Pollini argues that he did not present Grounds Two and Three in his post-conviction petition and initial appeal because "there was no state process" available given that Kentucky courts did not recognize ineffective-assistance-of-appellate-counsel claims based on alleged deficiencies on direct appeal until 2010. (D.N. 20, PageID # 171, 176) *Hollon*, 334 S.W.3d at 433. In other words, Pollini contends that raising the issue before the state court would have been futile. (D.N. 20, PageID # 151) Yet while Pollini's appeal was pending, this issue was presented in *Hollon,* and the Kentucky Supreme Court decided to recognize such claims. *See Hollon*, 334 S.W.3d at 433. Thus, Pollini presents the exact scenario warned against in *Engle*: failing to present seemingly futile arguments deprives state courts of the opportunity to reevaluate, and potentially overrule, prior decisions. 456 U.S. at 130. Accordingly, Pollini has not shown cause for his procedural defaults, and Grounds Two and Three of his petition will be denied.

## C. Ground Four

In Ground Four of his amended petition, Pollini maintains that the Kentucky Supreme Court inappropriately applied *Jackson v. Virginia*, 443 U.S. 307 (1979), when assessing the sufficiency of the evidence with respect to his conviction for burglary in the first degree. (D.N. 20, PageID # 177) Under *Jackson,* evidence is sufficient if, viewed in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 319. On habeas review, a federal court may only overturn a state-court determination on sufficiency of the evidence if the state-court decision was objectively unreasonable. *Coleman,* 566 U.S. at 652.

Pollini challenges the sufficiency of the evidence regarding only one element of burglary in the first degree: that he was armed with a deadly weapon while entering, within, or in immediate flight from Ziegler's garage. (D.N. 20, PageID # 177) Although the Kentucky Supreme Court assessed Pollini's claim under the standard articulated in *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991), the Sixth Circuit has acknowledged that this standard is materially the same as *Jackson*. *See Matthews v. Parker*, 651 F.3d 489, 503 n.3 (6th Cir. 2011); *see also Jackson*, 443 U.S. at 319. Additionally, the state court's description of the *Benham* test is consistent with the holding in *Jackson*: the court stated that it "must consider all evidence favoring the [prosecution] as true and from that evidence, determine whether it is sufficient to induce a reasonable jury to believe beyond a reasonable doubt that the defendant is guilty of each and every element of the crime." *Pollini*, 172 S.W.3d at 429; *cf. Jackson*, 443 U.S. at 319 (explaining that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."). The Kentucky Supreme Court then identified the evidence indicating Pollini's

possession of a deadly weapon: Ziegler's testimony that he thought Pollini had a weapon and Pollini's possession of a gun when he returned to Ziegler's neighborhood minutes later. *Pollini*, 172 S.W.3d at 422, 429. When viewed in the light most favorable to the prosecution, the court concluded, a rational jury could have found that Pollini had a gun during the burglary. *Id.* at 432.

Pollini contends that because Ziegler could not confirm what Pollini was carrying and because Pollini did not fire at Ziegler, the jury's conclusion and state court's finding were illogical. (D.N. 20, PageID # 179) However, the presence of competing evidence does not make the jury's verdict irrational or the state court's review objectively unreasonable; rather, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326.

In light of the evidence, this Court cannot conclude that the state court was objectively unreasonable in finding that such evidence was sufficient to convince a reasonable jury that Pollini was armed during the burglary. *Pollini*, 172 S.W.3d at 432. This Court therefore finds that the Kentucky Supreme Court correctly applied *Jackson*. Accordingly, the Court will deny Ground Four of Pollini's petition.

**D. Ground Five**

In Ground Five of his amended petition, Pollini maintains that the jury instructions on murder violated his Sixth and Fourteenth Amendment rights. (D.N. 20, PageID # 179) The Court need not review the merits of this claim, however, because it is procedurally defaulted.

To receive federal habeas corpus relief, a petitioner must first exhaust all available state-court remedies, meaning that each claim must have been "fairly presented" to the state court.

*Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). "Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim." *Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009). "[T]he applicant is required to make a specific showing of the alleged claim." *Id.* at 415.

Pollini's state-court presentation of Ground Five is strikingly similar to the petitioner's prosecutorial-misconduct argument in *Wagner*. In *Wagner*, the petitioner argued that he sufficiently presented his claim to the state court because he described the claim in a heading[2] and included conclusory statements regarding the prosecutor's conduct within his brief.[3] *Wagner*, 581 F.3d at 416. The Sixth Circuit found these passing references too vague to be considered a fair presentation because they did not establish the factual or legal basis for Wagner's constitutional claim. *Id.* at 415. Similarly, Pollini only described his federal murder-instructions claim in one heading[4] of his state-court brief and summarily stated three times throughout the brief that the

---

[2] "Appellant Sherman Wagner was denied a fair trial by the prosecutor's misconduct throughout the trial and violated [the] right to due process of law clause of both the federal and state constitutions." *Wagner*, 581 F.3d at 416 (capitalization altered throughout).

[3] Wagner's brief included statements such as "the Prosecutor's pervasive conduct throughout the proceedings denied [Wagner] . . . a fair trial," and "[t]he Prosecutor deliberately interjected irrelevant and prejudicial evidence throughout the entire trial." *Id.*

[4] "The murder instruction allowed the jury to convict Pollini on the basis of a theory (intentional murder) that was not supported by the evidence and thereby violated the unanimous verdict requirement of the Kentucky Constitution and the majority verdict requirement of the United States Constitution." (D.N. 28-3, PageID # 487)

[5] Pollini asserted that "the instruction, which allowed the jury to convict Pollini on an intentional murder theory, violated his right to a unanimous verdict under §§ 2, 7 and 11 of the Kentucky Constitution and his right to a majority verdict under the 6th and 14th Amendments"; "[t]hus, Pollini's right to a unanimous verdict and his right to a majority verdict were violated"; and "[s]ince the murder instruction violated the unanimity requirement of Kentucky law and the majority verdict required by the federal constitution, the conviction must be reversed for a new trial at which the jury is instructed only on wanton murder." (D.N. 28-3, PageID # 487-88, 490)

murder instructions violated his federal constitutional rights.[5] (D.N. 28-3, PageID # 487, 490-91) Although Pollini also cited two federal cases and the Sixth and Fourteenth Amendments, citations, without more, do not fairly present the claim. *Katt v. Lafler*, 271 F. App'x 479, 480-82 (6th Cir. 2008). Because Pollini did not fairly present his murder-instructions argument before the state court, he has not exhausted all state remedies with respect to this claim. Thus, the Court will deny Ground Five of Pollini's petition.

### E. Ground Six

Last, Pollini contends that his appellate counsel was ineffective because he pursued a self-defense theory rather than an unintentional-shooting argument. (D.N. 20, PageID # 182) As the Warden notes, however, this claim is time-barred because it does not relate back to Pollini's original petition. (D.N. 28, PageID # 254)

After he exhausted his state remedies, Pollini had a one-year period to file his habeas corpus petition. 28 U.S.C. § 2244(d)(1). Pollini timely filed his original petition but amended it after the one-year period lapsed. (D.N. 28, PageID # 252) Amendments made after the statute of limitations has run relate back to the original petition only if they arise out of the same "conduct, transaction, or occurrence." Fed. R. Civ. P. 15. Amendments that fall outside the limitations period but do not relate back are time-barred. *Johnson v. Sheets*, No. 2:07-CV-490, 2008 WL 926582, at *4 (S.D. Ohio Apr. 3, 2008).

The Supreme Court clarified the meaning of "conduct, transaction, or occurrence" in the habeas corpus context in *Mayle v. Felix*, 545 U.S. 644, 663-64 (2005). In *Mayle*, Defendant Jacoby Felix filed a habeas petition objecting to the trial court's admission of a videotaped interrogation of Felix's friend. *Id.* at 651. After the statute of limitations lapsed, Felix filed an amended petition

adding an objection to the admission of pre-trial statements he made to police during interrogation. *Id.* The *Mayle* Court explained that habeas claims relate back to the original petition only when they are tied to a "common core of operative facts," because Rule 15(c)(2) is meant to relax rather than obliterate the statute of limitations. *Id.* at 663-64, 659. Thus, an amended habeas petition does not relate back where it asserts new grounds for relief supported by facts that differ from those in the original petition. *Pinchon v. Myers*, 615 F.3d 631, 642-43 (6th Cir. 2010) (finding that petitioner's claim did not relate back because the initial claim relied on jury instructions and the sufficiency of the evidence presented at trial, but his amended claim depended on his attorney's failure to present evidence of mental impairment). Additionally, a new claim of ineffective assistance of counsel does not automatically relate back merely because it and an original claim both rest on violations of the Sixth Amendment. *Woolbright v. Crews*, No. 1:12-CV-00080-GNS, 2017 WL 6887002, at *10 (W.D. Ky. July 24, 2017); *see also U.S. v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009); *U.S. v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006).

Here, Pollini's new claim regarding his counsel's failure to present a theory of unintentional shooting and his previous ineffective-assistance-of-counsel claim do not rest on the same core facts. Originally, Pollini argued that his counsel was deficient on the ground that he did not do enough to present a sound self-defense theory. (D.N. 1, PageID # 18-23) Then, Pollini maintained that his lawyer should have had Pruitt's gun tested for gunpowder residue and should have presented evidence that Pruitt threatened to shoot Pollini and fired his gun. (*Id.*) Now, in his latest argument, Pollini contends that the deficiency was counsel's failure to present a theory of accidental shooting and that it was unreasonable to pursue a self-defense argument; the pertinent facts are counsel's failure to present expert testimony regarding the bullet trajectory, expert testimony regarding Pollini's mental health, and evidence concerning Pollini's inability to perceive

the risk involved with firing his gun. (D.N. 20, PageID # 186-92) In sum, Pollini previously relied on facts showing what his trial counsel should have done to present a self-defense argument. He now relies on facts suggesting an unintentional shooting and makes no mention of the evidence previously discussed. (D.N. 20, PageID # 75-81) Thus, the "core facts" of the two claims are not the same. *See Pinchon*, 615 F.3d at 642-44. Ground Six of Pollini's amended petition therefore does not relate back and is time-barred.

## IV. CONCLUSION

Pollini has not shown that the state-court decisions were contrary to or involved an unreasonable application of clearly established federal law, or that they were based on an unreasonable determination of the facts in light of the evidence presented. Notwithstanding the magistrate judge's recommendation, the Court finds that Pollini has not made a "substantial showing of the denial of a constitutional right" because reasonable jurists could not debate the Court's assessment of Pollini's constitutional claims. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483 (2000); *Cooey v. Coyle*, 289 F.3d 882, 887 (6th Cir. 2002). Consequently, no certificate of appealability shall issue.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) The Court **DECLINES** to adopt the Findings of Fact, Conclusions of Law and Recommendation of Magistrate Judge Dave Whalin (D.N. 39).

(2) The warden's objection to the Findings of Fact, Conclusions of Law and Recommendation (D.N. 44) is **SUSTAINED**.

(3) Pollini's amended petition for habeas relief (D.N. 20) is **DENIED**.

(4) A separate Judgment shall issue this date.

January 15, 2019

**David J. Hale, Judge**
**United States District Court**